

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2007

# Perez-Nunez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1217

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Perez-Nunez v. Atty Gen USA" (2007). *2007 Decisions.* Paper 1627.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1627

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 06-1217

WILSON LUCIANO PEREZ-NUNEZ,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of Final Decision of the
Board of Immigration Appeals
BIA No.: A31-427-239
Immigration Judge: Grace A. Sease

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 12, 2007

Before: SMITH and FISHER, *Circuit Judges*,
and DIAMOND, *District Judge**

(Filed: February 14, 2007)

_____

OPINION

_____

SMITH, *Circuit Judge*.

_____

*The Honorable Gustave Diamond, Senior District Judge for the Western District of Pennsylvania, sitting by designation.

1

Wilson Perez is a native and citizen of Ecuador. He was admitted as a lawful permanent resident to the United States on February 19, 1972. Perez was convicted of Attempted Sexual Abuse in the Second Degree on October 26, 1996 in Nassau, New York. Perez was convicted of Endangering the Welfare of a Child on March 4, 1998, also in Nassau. On March 21, 2004, the Department of Homeland Security ("DHS") charged that Perez was removable as an alien convicted of a crime of child endangerment. *See* 8 U.S.C. § 1237(a)(2)(E)(i). DHS added on May 11, 2005 that Perez was removable as an alien convicted of two or more crimes of moral turpitude not arising out of a single scheme. *See* 8 U.S.C. § 1227(a)(2)(A)(ii). Perez has 14 convictions.

The Immigration Judge ("IJ") found Perez removable at a May 18, 2005 hearing. Following a second hearing, the IJ denied Perez's application for discretionary cancellation of removal under section 240A of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229b(a), and ordered Perez removed. The Board of Immigration Appeals ("BIA") dismissed Perez's appeal on December 15, 2005. Perez timely petitioned this Court to review the BIA and IJ's decision.

We lack jurisdiction to review the IJ's decision to deny Perez's application for cancellation of removal made pursuant to 8 U.S.C. § 1229b(a). The INA states that "no court shall have jurisdiction to review [] any judgment regarding the granting of relief under section . . . 1229b . . . of this title." 8 U.S.C. § 1252(a)(2)(B)(i). The statute provides an exception when the petitioner raises a constitutional claim or a question of law. 8 U.S.C. § 1252(a)(2)(D) (noting that the statute shall not "be construed as

2

precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section").

Perez argues that the IJ violated his right to due process by failing to follow BIA precedent. Perez contends that the IJ improperly weighed his "positive and negative equities" and accorded improper weight to his 22 arrests. Perez argues that the IJ's "most substantial error" was failing to weigh his "positive equities in the aggregate."

Perez's claim has no merit. The IJ's oral decision reveals a conscientious consideration of all the relevant factors in Perez's case, including his relationship with his family, his volunteer work, his employment status, the nature of his crimes, and his history of alcoholism and purported recovery. The BIA disagreed with the weight that the IJ accorded to Perez's arrests, noting that the IJ should have focused on Perez's convictions. However, this in no way disguises the fact that Perez simply asks us to re-balance the equities in his case in a manner that better suits him. Perez raises no questions of law that would fall within the exception to the jurisdictional bar provided in 8 U.S.C. § 1252(a)(2)(D). *See Zheng v. Gonzales*, 422 F.3d 98, 113 (3d Cir. 2005) (noting that we cannot "second-guess" discretionary decisions made in individual cases when the § 1252(a)(2)(B)(i) jurisdictional bar applies); *Mendez-Moranchel v. Ashcroft*, 338 F.3d 176, 179 (3d Cir. 2003) ("We hold that § 1252(a)(2)(B)(i) strips us of jurisdiction to review certain discretionary decisions under the Immigration and Naturalization Act as enumerated by the statute. The decision whether an alien meets the hardship requirement in 8 U.S.C. § 1229b is such a discretionary judgment."); *see also*

3

*Mendez-Reyes v. Attorney General of U.S.*, 428 F.3d 187, 189-190 (3d Cir. 2005) (providing examples of questions of law falling under the § 1252(a)(2)(D) exception).

We will not flout the clear language of the statute by ignoring the jurisdictional bar simply because Perez has invoked the language of due process to criticize the IJ's weighing of the evidence. We will deny the petition for review.